UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Channel 781 News, <br><br> Plaintiff, <br><br> v. <br><br> Waltham Community Access Corporation, <br><br> Defendant. | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF <br><br><br> No. <br><br> JURY TRIAL DEMANDED |

**PRELIMINARY STATEMENT**

1. This is a civil action seeking damages and injunctive relief for misrepresentation of copyright claims under the Digital Millennium Copyright Act ("DMCA").

2. This case arises from a series of unfounded assertions of copyright infringement against a group of citizen journalists who post short video excerpts of city government meetings, along with original programming and commentary, on the video sharing site YouTube.

3. The unfounded claims of infringement successfully caused YouTube to deactivate the journalists' YouTube channel, making their entire body of work inaccessible to the public just five days before an important municipal election.

**PARTIES**

4. Plaintiff Channel 781 News ("Channel 781") is an unincorporated association of individuals who reside in the city of Waltham, Massachusetts.

5. Defendant Waltham Community Access Corporation (WCAC) is a Massachusetts nonprofit corporation headquartered at 400 Main Street in Waltham, Massachusetts.

1

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this action pursuant to the Copyright Act (17 U.S.C. §§ 101 et seq.), 28 U.S.C. §§ 1331 and 1338.

7. On information and belief, Defendant is subject to the general and specific jurisdiction of this Court.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**FACTUAL ALLEGATIONS**

9. YouTube is a video sharing website where millions of internet users post videos to make them available to others to view. YouTube's website is available at https://www.youtube.com. Users who post videos to YouTube do so through a "channel," which is the collection of videos posted by a user.

10. Channel 781, also known as Waltham DATA, is an association of citizen journalists who report on municipal affairs in the city of Waltham, Massachusetts through their YouTube channel. It is led by Joshua Kastorf, Jamie Krikeles, and Tom Benavides. Approximately 6 other individuals also participate in the association.

11. Channel 781 was founded in 2021. It communicates to the public through videos posted to its YouTube channel. Before September 7, 2023, Channel 781's YouTube channel was located at https://www.youtube.com/@WalthamDATA781.

12. Channel 781 is not operated for commercial gain. All of the content posted by Channel 781 is available to the public for free. Channel 781 does not earn any revenue from advertising.

13. The videos Channel 781 posts include videos of its members reporting on news affecting the city, editorial statements, discussions in a talk show format, and interviews.

14. As set forth more fully herein, Channel 781 also posts video excerpts of meetings of the Waltham city council and other local government bodies.

15. When Channel 781 posts excerpts of city meetings to YouTube, YouTube's systems automatically insert captioning into the videos.

16. In addition to video excerpts from the city meetings, Channel 781 offers content such as interviews, editorials, and discussions which may offer perspective that is not offered by WCAC's simple presentation of meetings in their entirety.

17. WCAC operates two cable television channels, WCAC-TV and MAC-TV. WCAC-TV is a Community Access station that provides programming geared towards the interests of local residents, businesses, and organizations. MAC-TV is a Government Access station that provides coverage of municipal meetings, events, and special government related programming.

18. On information and belief, WCAC-TV and MAC-TV are viewable on Verizon, Comcast, and RCN TV services in the Waltham area.

19. On information and belief, WCAC receives a percentage of subscription revenues from Comcast and RCN.

20. On information and belief, WCAC records Waltham city council meetings and other government meetings.

21. On information and belief, some of the video and audio equipment WCAC uses to record and broadcast government meetings was purchased using funds granted by the city of Waltham.

22. The videos of government meetings recorded by WCAC are factual records. They contain no commentary, editorial material, or other creative input from WCAC.

23. WCAC broadcasts government meetings on MAC-TV and makes the videos of most of those meetings available on its website, https://www.wcac.org/, for later viewing. On information and belief, WCAC removes meeting videos from its website several months after the meeting.

24. On information and belief, when WCAC broadcasts government meetings and posts them on its website, it does not provide captioning.

25. On information and belief, WCAC has knowledge of and experience with copyright law, including the safe harbor provisions of Section 512 of the Digital Millennium Copyright Act and the fair use doctrine.

26. Some of the short video excerpts of city meetings that Channel 781 posted to its YouTube channel were recorded by WCAC and originally posted to WCAC's website (the "Government Meeting Video Clips").

27. The purpose and character of the Government Meeting Video Clips is to highlight and direct the public's attention to statements and issues relating to city affairs that the members of Channel 781 deem important, to provoke discussion and debate about those statements and issues, and to make those statements and issues more accessible to the public, including people with disabilities.

28. In WCAC's April 6, 2023 "Waltham Newswatch" program, WCAC Executive Director Maria Sheehan stated:

> Our station is a private nonprofit that does not receive taxpayer funding. Over recent years, photographs from our news department, and video from the MAC channel, have been reproduced without our permission. We know this is a reality of the world we live in, but we put copyright disclaimers on our media for a reason. Some have used our content to score political points under the veil of anonymity. Others have used it to encourage residents to hate. This practice can damage reputations and spread misinformation and we do not want to be a part of that. So as we head into a contentious election season, I'm asking the public to respect

people who work hard to create our original content. In the interest of transparency, we will entertain requests to reuse our content for free, but misuse is wrong, and it is illegal. Moving forward, the Waltham Channel will take whatever legal steps necessary to protect our content."

29. In response to that statement, Channel 781 member Joshua Kastorf requested a meeting with Ms. Sheehan. They met on June 15, 2023.

30. Mr. Kastorf explained to Ms. Sheehan that Channel 781's use of the Government Meeting Video Clips was a fair use under copyright law, and therefore lawful.

31. In their meeting and in subsequent emails, despite hearing Mr. Kastorf's explanation that the use of the Government Meeting Video Clips was fair use, Ms. Sheehan asserted that any use of the clips by Channel 781 required permission from WCAC, and that WCAC would send infringement notices to YouTube targeting such clips.

32. Ms. Sheehan also asserted that Channel 781's use of the Government Meeting Video Clips would be more acceptable to WCAC if Channel 781 used them only to report facts, but not to express opinions or further an agenda.

33. Ms. Sheehan suggested that WCAC might create a policy whereby Channel 781 and other members of the public could request permission from WCAC for the use of individual video clips of government meetings.

34. On information and belief, WCAC has created no such policy.

35. After their meeting, Mr. Kastorf sent Ms. Sheehan an email directing her attention to the fair use statute, 17 U.S.C. § 107, and online resources explaining fair use in the context of journalism.

36. WCAC did not respond to that email.

37. On September 1, 2023, WCAC sent a copyright infringement notice to YouTube referencing one of Channel 781's video clips, titled "CotW 3/6/23- MBTA Communities-Durkee

'just asking questions.'" This clip, one minute and 52 seconds in length, shows a city council member questioning a city employee about funding for the upkeep of subsidized housing. In accordance with the safe harbor provision of 17 U.S.C. § 512(c)(1)(C), YouTube disabled access to the video. An automated email notifying Channel 781 of the takedown is attached as Exhibit A.

38. On September 4, Channel 781 member Joshua Kastorf sent a counter-notice to YouTube pursuant to § 512(g)(2)(B). The counter-notice stated that Channel 781's posting of the clip was fair use and that the clip was removed by mistake.

39. On September 5, YouTube notified Channel 781 that it would not honor the counter-notice and would not restore the video because, according to YouTube "it appears that you do not have the necessary rights to post the content on YouTube."

40. On September 6, WCAC sent a second copyright infringement notice to YouTube, this time referencing the same video and five others. YouTube removed the five additional videos. An automated email notifying Channel 781 of the takedowns is attached as Exhibit B.

41. On September 7, WCAC sent a third copyright infringement notice to YouTube. This notice referenced fifteen videos, of which six were also referenced in the earlier notices. Following its "three strikes" policy, YouTube disabled Channel 781's YouTube channel entirely, rendering all of its approximately 242 videos inaccessible by the public. An automated email notifying Channel 781 of the takedowns is attached as Exhibit C.

42. WCAC's infringement notices to YouTube referenced a total of fifteen videos, which are listed in Exhibit D. These videos range from one minute and six seconds to 20 minutes and 46 seconds in length. Each one was excerpted from a longer video recording of an entire government meeting.

43. The members of Channel 781 created a new YouTube channel on September 8, 2023.

44. Many of Channel 781's videos remained inaccessible before and during the Waltham Preliminary Election that took place on September 12, 2023.

45. Through their attorneys, the members of Channel 781 sent a second counter-notice to YouTube on October 23, 2023. YouTube again refused to honor the counter-notice.

46. On November 9, 2023, following an inquiry by Channel 781's counsel, YouTube instructed Channel 781 to disregard YouTube's earlier rejection of the counter-notice. On November 27, 2023, YouTube honored the counter-notice and restored access to Channel 781's original YouTube channel and all of the videos on it.

47. On November 8, 2023, and again on June 24, 2024, Channel 781's counsel wrote to WCAC Executive Director Maria Sheehan and demanded that WCAC announce a policy of not making infringement accusations against clearly noninfringing uses of government meeting videos.

48. On July 3, 2024, Ms. Sheehan responded that WCAC would remove the copyright warning from the beginning of its meeting videos going forward. However, she did not agree to announce a policy of not making accusations of infringement against clearly noninfringing uses.

49. As a result of WCAC's infringement notices, Channel 781 no longer posts new stand-alone video clips of government meetings, out of fear that WCAC will send more infringement notices and again cause a shutdown of Channel 781's YouTube channel.

**COUNT I: 17 U.S.C. § 512(f) MISREPRESENTATION**

50. Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this complaint.

51. The Government Meeting Video Clips listed in <u>Appendix D</u> do not infringe any copyright owned by Defendant.

52. Defendant violated 17 U.S.C. § 512(f) by knowingly materially misrepresenting that Channel 781's use of the Government Meeting Video Clips was infringing.

53. Channel 781's use of the Government Meeting Video Clips is a self-evidently non-infringing fair use pursuant to 17 U.S.C. § 107. Channel 781's use is noncommercial; it is intended for different and transformational purposes, including highlighting and informing the public about selected issues of public concern, and providing accessibility to individuals with hearing disabilities by including captions through the YouTube platform; the original videos are non-creative factual records of open government meetings; Channel 781 excerpted only those portions of the original videos necessary to fulfill its transformative purpose; and the use has no impact on any market or potential market for the original videos.

54. On information and belief, Defendant had actual subjective knowledge that the Government Meeting Video Clips did not infringe any copyright of Defendant's.

55. In the alternative, on information and belief, Defendant failed to consider whether Channel 781's use of the Government Meeting Video Clips was a fair use. Accordingly, Defendant did not form, and could not have formed, a good faith belief that the Government Meeting Video Clips were infringing at the time it sent the infringement notices.

56. In the alternative, Defendant should have known, if it had acted with reasonable care or diligence, that Channel 781's use of the Government Meeting Video Clips was non-infringing at the time it sent the infringement notices.

57. As a direct and proximate result of Defendant's actions, Plaintiff has been injured substantially and irreparably. Such injury includes, but is not limited to, time and expenses

associated with responding to the claim of infringement; time and expenses associated with setting up a new YouTube channel; and harm to Plaintiff's rights of free speech and freedom of the press under the First Amendment.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court grant it:

A.   Injunctive relief restraining Defendant, its agents, servants, employees, successors, and assigns, and all others acting in concert with Defendant, from bringing any lawsuit or threat against Plaintiff or any of its members for copyright infringement in connection with the use of the Government Meeting Video Clips identified in <u>Exhibit D</u>, including, but not limited to, publication, distribution, performance, or display, or the ability to host them online or link to them from any website;

B.   Damages according to proof;

C.   Attorneys' fees pursuant to 17 U.S.C. § 512(f), other portions of the Copyright Act including Section 505, or as otherwise allowed by law;

D.   Plaintiff's costs and disbursements; and

E.   Such other and further relief as the Court deems proper.

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

DATED:  July 24, 2024                                  Respectfully submitted,

<i><u>/s/ Rebecca MacDowell Lecaroz</u></i><br>
Rebecca M. Lecaroz<br>
MA BBO #666860<br>
Brown Rudnick LLP<br>
One Financial Center<br>
Boston, MA 02111<br>
Tel:  617.856.8200<br>
rlecaroz@brownrudnick.com

                                                   Marcus Strong
                                                   New York Bar #5889209
                                                 Brown Rudnick LLP
                                                 Seven Times Square
                                                 New York, NY 10036
                                                 Tel: 212.209.4800
                                                 mstrong@brownrudnick.com
                                                 (to be admitted *pro hac vice*)

65407009 v2-US-034146/0007     *Counsel for Plaintiff Channel 781 News*