```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
_____
                              )
CHANNEL 781 NEWS,             )
                              )
                  Plaintiff,  )
                              )
v.                            )   Civil Action
                              )   No. 24-cv-11927-PBS
WALTHAM COMMUNITY ACCESS      )
CORPORATION,                  )
                              )
                  Defendant.  )
_____)
```

## ORDER

January 6, 2025

Saris, D.J.

Plaintiff Channel 781 News ("Channel 781") operates a YouTube channel with videos of news about the City of Waltham, Massachusetts. Some of these videos are clips of meetings of the Waltham City Council that Channel 781 excerpts from recordings of the full meetings posted online by Defendant Waltham Community Access Corporation ("WCAC"). In September 2023, WCAC sent multiple takedown notices to YouTube claiming that Channel 781's videos amounted to copyright infringement. YouTube temporarily removed the videos and disabled Channel 781's channel. Contending that its videos constituted fair use, Channel 781 sued WCAC under 17 U.S.C. § 512(f) for knowingly and materially misrepresenting in its takedown notices that Channel 781's videos were infringing. WCAC now moves to dismiss under Federal Rule of Civil Procedure

1

12(b)(6). See Conformis, Inc. v. Aetna, Inc., 58 F.4th 517, 527-28 (1st Cir. 2023) (describing Rule 12(b)(6) standard).

WCAC argues that Channel 781 has not plausibly pled that its videos were fair use and, thus, that WCAC misrepresented that the videos were infringing. See Monsarrat v. Newman, 28 F.4th 314, 321 (1st Cir. 2022) (describing fair use and relevant factors). I disagree. Channel 781 alleges 1) that WCAC's recordings are factual records of the meetings with little creative expression, see id. at 323 ("The scope of fair use is narrower when works 'fall closer to the creative end of the copyright spectrum than the informational or factual end' . . . ." (quoting Soc'y of the Holy Transfiguration Monastery, Inc. v. Gregory, 689 F.3d 29, 62 (1st Cir. 2012))); 2) that Channel 781's videos are short clips from WCAC's recordings that reflect editorial judgments about newsworthy segments, see 17 U.S.C. § 107 (listing "news reporting" as a purpose that typically constitutes fair use); Núñez v. Caribbean Int'l News Corp., 235 F.3d 18, 24 (1st Cir. 2000) (asking if the amount of copying "is consistent with or more than necessary to further 'the purpose and character of the use'" (quoting Castle Rock Ent., Inc. v. Carol Publ'g Grp., 150 F.3d 132, 144 (2d Cir. 1998))); and 3) that neither WCAC nor Channel 781 operates for profit or makes money directly from the works at issue, see Google LLC v. Oracle Am., Inc., 593 U.S. 1, 32 (2021) ("[A] finding that copying was not commercial in nature tips the scales in favor of

fair use."). Without taking a firm position on Channel 781's claim of fair use at this stage, the Court concludes that it is at least plausible.

Alternatively, WCAC contends that Channel 781 has failed to plausibly allege a knowing misrepresentation actionable under 17 U.S.C. § 512(f). A copyright holder "faces liability if it knowingly misrepresented in the takedown notification that it had formed a good faith belief the video was not authorized by the law, i.e., did not constitute fair use." Lenz v. Universal Music Corp., 815 F.3d 1145, 1154 (9th Cir. 2016). Channel 781 alleges that before sending the takedown notices, WCAC stated that it would take action against those using its "content to score political points" or "encourage residents to hate." Dkt. 1 ¶ 28. In later discussions between the parties, Channel 781 explained why it believed its videos constituted fair use. See id. ¶¶ 29-30, 35. WCAC responded that "any use of the clips by Channel 781 required permission" and that Channel 781's videos "would be more acceptable to WCAC if Channel 781 used them only to report facts, but not to express opinions or further an agenda." Id. ¶¶ 31-32 (emphasis added). These allegations support a reasonable inference that WCAC sent the takedown notices based on factors other than a good faith belief that Channel 781's videos were not fair use and that WCAC knew it was doing so. See Lenz, 815 F.3d at 1154 (explaining that

if a copyright holder fails to "consider fair use before sending a takedown notification, it is liable for damages under § 512(f)"). Channel 781 has adequately pled a misrepresentation claim under § 512(f).

Accordingly, the Court **DENIES** WCAC's motion to dismiss (Dkt. 16).


SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge