# Exhibit G

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

Channel 781 News,

      Plaintiff,

      v.

Waltham Community Access Corporation

      Defendant.

Case No.: 1:24-cv-11927-PBS

**PLAINTIFF CHANNEL 781 NEWS'S FIRST REVISED OJBECTIONS AND
RESPONSES TO DEFENDANT WALTHAM COMMUNITY ACCESS
CORPORATION'S FIRST SET OF INTERROGATORIES**

Plaintiff Channel 781 News ("Channel 781") hereby objects, answers and otherwise

responds to Waltham Community Access Corporation ("WCAC")'s First Set of Interrogatories

("Interrogatories") as follows:

**PRELIMINARY STATEMENT**

1.     Channel 781 has reviewed the documents and information reasonably available to

      it. Discovery in this action is continuing and Channel 781 may learn of additional

      facts pertaining to the Interrogatories. Therefore, Channel 781 reserves the right

      to change, amend, or supplement its objections and responses at a later date. If

      further evidence is obtained which is not protected from discovery, Channel 781

      reserves the right to present such evidence at the time of trial.

2.     Channel 781's responses are made solely for purposes of this action, and not for

      purposes of any other action.  These responses are subject to all objections as to

      competence, relevance, materiality, propriety, admissibility, and any and all other

      objections and grounds that would require the exclusion of evidence disclosed

herein if the evidence were produced and sought to be introduced into evidence in court; all of which objections and grounds are specifically reserved, and may be interposed at the time of trial or other attempt to use one or more of these responses.

3.    Channel 781's responses are made without in any way waiving or intending to waive, but on the contrary, preserving and intending to preserve, the following:

    a.   All questions of authenticity, relevance, materiality, privilege, and admissibility as evidence for any purpose of the information provided which may arise in any subsequent proceeding in, or the trial of, this or any other action;

    b.   The right to object to the use of said information at any subsequent proceeding in, or the trial of, this or any other action, or any other grounds;

    c.   The right to object on any other ground at any time to other interrogatories or other disclosure involving said information or subject matter thereof; and

    d.   The right to make additions and/or amendments to these responses if further disclosure or investigation yields information called for in disclosure.

**RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**INTERROGATORY NO. 1.** Please identify the individual(s) responding to these interrogatories by providing their names, addresses, and affiliation with Plaintiff Channel 781.

2

**RESPONSE TO INTERROGATORY NO. 1.**

Channel 781 responds as follows:

The individual responding to these interrogatories on behalf of Channel 781 is Tom Benavides. Mr. Benavides is a principal member of Channel 781 News, also known as Waltham DATA, an association of citizen journalists who report on municipal affairs in Waltham, Massachusetts, through their YouTube channel. He resides in Waltham, Massachusetts. He can be contacted through Channel 781's counsel.

**INTERROGATORY NO. 2.** Please identify any and all documents relied upon or referenced in the preparation of the responses to these interrogatories.

**RESPONSE TO INTERROGATORY NO. 2.**

Channel 781 responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Channel 781 will produce documents from which the answer to this Interrogatory can be derived, including but not limited to those responsive to WCAC's First Set of Requests for Production of Documents. The identification of specific documents will be provided at the time of production, to the extent possible.

**INTERROGATORY NO. 3.** Please identify each and every person who provided any information, directly or indirectly, to answer these interrogatories and each person mentioned in your answers to these interrogatories.

**RESPONSE TO INTERROGATORY NO. 3.**

3

Channel 781 objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case. Channel 781 further objects to this Interrogatory to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine, or any other applicable law, privilege, immunity, protection or doctrine. Channel 781 further objects to the phrase "each person mentioned in your answers to these interrogatories" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Channel 781 responds as follows:

The individuals who provided information to answer these interrogatories are Tom Benavides, Joshua Kastorf, and Jamie Krikeles.

**INTERROGATORY NO. 4.** Please identify each document relating to the claims or defenses made by Channel 781 or WCAC in this matter.

**RESPONSE TO INTERROGATORY NO. 4.**

Channel 781 objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case. Channel 781 further objects to this Interrogatory to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine, or any other applicable law, privilege, immunity, protection or doctrine.

Subject to and without waiving the foregoing objections, Channel 781 responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Channel 781 will produce documents from which the answer to this Interrogatory can be derived, including but not limited to those

responsive to WCAC's First Set of Requests for Production of Documents. The identification of specific documents will be provided at the time of production, to the extent possible.

**INTERROGATORY NO. 5.** Please state the basis of any and all claims for damages or other relief you make in this action, including in your answer a precise quantification of each category of damages you claim.

**RESPONSE TO INTERROGATORY NO. 5.**

Channel 781 responds as follows:

Channel 781 is entitled to monetary relief for all damages incurred as a result of WCAC's misrepresentations, pursuant to 17 U.S.C. § 512(f), § 505, and other statutory and common law bases. These include, without limitation:

- Injuries to Channel 781 members' First Amendment right to speak on matters of public concern, including without limitation the disabling of significant original content relating to a municipal election several days before that election, the monetary value of which will be determined through further discovery and/or expert testimony;

- Time spent by Channel 781 members setting up a new YouTube channel, uploading content to that channel, and seeking counsel (approximately 6 hours), the monetary value of which will be determined through further discovery and/or expert testimony;

- Attorney fees of $5,640 (8 hours at an hourly rate of $705) incurred in connection with restoring Channel 781's videos and the Waltham DATA channel to YouTube;

- Full costs and attorney fees incurred in connection with this lawsuit, in an amount to be determined.

Channel 781 is also entitled to injunctive relief to prevent ongoing harm to its members' First Amendment interests.

**INTERROGATORY NO. 6.** Please describe in full and complete detail each and every instance in which any person made any complaint, allegation, report, or assertion that Channel 781 News had engaged in copyright infringement.

**RESPONSE TO INTERROGATORY NO. 6.**

Channel 781 responds as follows:

Other than the notices sent by WCAC which are the subject of this lawsuit, Channel 781 News has not received any complaint, allegation, report, or assertion that it engaged in copyright infringement.

**INTERROGATORY NO. 7.** Please identify all owners, at any time, of the "Waltham DATA" YouTube channel referenced in the Complaint.

**RESPONSE TO INTERROGATORY NO. 7.**

Channel 781 objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case. Channel 781 also objects to this Interrogatory to the extent that it seeks information that is not limited to a relevant and reasonable period of time.

Subject to and without waiving the foregoing objections, Channel 781 responds as follows:

The primary owner of the "Waltham DATA" YouTube channel referenced in the Complaint is Joshua Kastorf. However, Jamie Krikeles, Tom Benavides, and other members of Channel 781 also have access to the channel and possess passwords, allowing them to access and manage the channel as needed.

**INTERROGATORY NO. 8.** Please identify any person who registered or established the "Waltham DATA" YouTube channel referenced in the Complaint.

**RESPONSE TO INTERROGATORY NO. 8.**

Channel 781 responds as follows:

Joshua Kastorf is the individual who registered and established the "Waltham DATA" YouTube channel referenced in the Complaint.

**INTERROGATORY NO. 9.** Please identify each and every individual who participated in the editing, selection, formatting or uploading of each of the 15 videos that were the subject of takedown notices as alleged in the Complaint, with reference to who was responsible for each video at issue.

**RESPONSE TO INTERROGATORY NO. 9.**

Channel 781 responds as follows:

The following individuals participated in the editing, selection, formatting, or uploading

of each of the 15 videos that were the subject of the takedown notices referenced in the

Complaint: Joshua Kastorf, Jamie Krikeles, and Kara Moloney. The table below outlines the

individuals responsible for each video.

| Title | URL | By |
|---|---|---|
| CotW 3/6/23- MBTA Communities- Durkee 'just asking questions' | https://www.youtube.com/watch?v=B0Lcp4TZW_M | Jamie Krikeles |
| McMenemin & Harris vs. Paz - Tenant Rights Notification Ordinance | https://www.youtube.com/watch?v=EIriDLRhzWM | Joshua Kastorf |
| Vidal Pressures Committees to Meet in Person (Finance Committee 6-6-2023) | https://www.youtube.com/watch?v=oyqJD-KD_JI | Joshua Kastorf |
| Bradley-MacArthur: Constituents ask me "Why can't we have nice things?" (City Council 6-20-23) | https://www.youtube.com/watch?v=sqeudsO-3qE | Joshua Kastorf |
| Councilor LaFauci: "Fossil Fuels Aren't Going Away" | https://www.youtube.com/watch?v=u0IFYB7xpxA | Joshua Kastorf |
| Mayor Refuses to Break Tie: Clip from 07/27/23 School Committee meeting | https://www.youtube.com/watch?v=zhqmtwambgA | Kara Moloney |
| CotW 3/6/23- MBTA Communities- Vidal "A lot of business could sell their lots" | https://www.youtube.com/watch?v=8LX44P4zF6Y | Jamie Krikeles |
| CotW 3/6/23- MBTA Communities- final thoughts + committee assignment | https://www.youtube.com/watch?v=ScKWH_eU2DU | Jamie Krikeles |
| CotW 3/6/23- MBTA Communities- Council | https://www.youtube.com/watch?v=aojkacu8Hgw | Jamie Krikeles |

| President Mcmenimen explores other funds to replace grants | | |
|---|---|---|
| CotW 3/6/23- MBTA Communities- Joey Lacava's Questions | https://www.youtube.com/watch?v=mP76dy3w3N0 | Jamie Krikeles |
| CotW 3/6/23- MBTA Communities- Vidal assesses supply and demand | https://www.youtube.com/watch?v=4TQtfm1-ZGY | Jamie Krikeles |
| CotW 3/6/23- MBTA Communities- Colleen Bradley MacArthur asks about ADUs | https://www.youtube.com/watch?v=7jO6DDKz7Z4 | Jamie Krikeles |
| CotW 3/6/23- MBTA Communities- Harris identifies ground zero | https://www.youtube.com/watch?v=DbEQ3lT3BtM | Jamie Krikeles |
| CotW 3/6/23- MBTA Communities- Leblancs thoughts on the development of Felton Street | https://www.youtube.com/watch?v=OckEe5prETk | Jamie Krikeles |
| CotW 3/6/23- MBTA Communities- Plan to elevate the commuter | https://www.youtube.com/watch?v=stnWQiaGSrw | Jamie Krikeles |

**INTERROGATORY NO. 10.** Please state the basis for your claim that the unincorporated association "Channel 781 News" has standing to bring this action.

**RESPONSE TO INTERROGATORY NO. 10.**

Channel 781 responds as follows:

Channel 781 is an association of citizen journalists formed for the purpose of providing news reporting, opinion, and commentary to residents of Waltham, Massachusetts. Channel 781 has standing to bring this action to vindicate the pecuniary and First Amendment rights of its members in connection with that purpose.

9

**INTERROGATORY NO. 11.** Please describe in full and complete detail each and every instance in which any person affiliated with Channel 781 had any communication with any person affiliated with WCAC concerning the matters at issue in this action.

**RESPONSE TO INTERROGATORY NO. 11.**

Channel 781 objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case. Channel 781 further objects to the term "concerning" as overbroad, vague and ambiguous. Channel 781 also objects to this Interrogatory to the extent that it imposes unduly burdensome obligations, particularly insofar as it requests information that is equally accessible to WCAC. Channel 781 further objects to the use of the phrase "matters at issue in this action" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Channel 781 responds as follows: Following Maria Sheehan's statement in the April 6, 2023 episode of "Waltham Newswatch," Joshua Kastorf emailed Ms. Sheehan to request a meeting. They met on June 15, 2023, and subsequently exchanged emails that memorialized and continued their conversation. Mitchell Stoltz, Channel 781's counsel, exchanged a series of emails and letters with Ms. Sheehan beginning on November 8, 2023. Pursuant to Federal Rule of Civil Procedure 33(d), Channel 781 will produce those emails and letters.

**INTERROGATORY NO. 12.** Please describe in full and complete detail each and every instance in which any person affiliated with Channel 781 engaged in internal communications

10

regarding the use, posting, or content of videos taken from WCAC.

**RESPONSE TO INTERROGATORY NO. 12.**

Channel 781 objects to this Interrogatory to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine, or any other applicable law, privilege, immunity, protection or doctrine.

Subject to and without waiver of this objection, Channel 781 responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Channel 781 will produce communications regarding the use, posting, or content of WCAC's videos by Channel 781 members, including but not limited to those responsive to WCAC's First Set of Requests for Production of Documents. The identification of specific documents will be provided at the time of production, to the extent possible.

**INTERROGATORY NO. 13.** Please identify each and every person with whom you communicated concerning Maria Sheehan's April 6, 2023 statement during the Waltham NewsWatch program referenced in the Complaint, identify all nonprivileged documents concerning such communications, and set forth the substance of each such communication.

**RESPONSE TO INTERROGATORY NO. 13.**

Channel 781 objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case. Channel 781 further objects to the term "concerning" as overbroad, vague and ambiguous.

11

Subject to and without waiving the foregoing objections, Channel 781 responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Channel 781 will produce communications concerning the April 6, 2023 Statement, including but not limited to those responsive to WCAC's First Set of Requests for Production of Documents. The identification of specific documents will be provided at the time of production, to the extent possible.

**INTERROGATORY NO. 14.** Please identify each and every person with whom you communicated concerning your June 15, 2023 meeting with Maria Sheehan, identify all nonprivileged documents concerning such communications, and set forth the substance of each such communication.

**RESPONSE TO INTERROGATORY NO. 14.**

Channel 781 objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case. Channel 781 further objects to the term "concerning" as overbroad, vague and ambiguous.

Subject to and without waiving the foregoing objections, Channel 781 responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Channel 781 will produce communications concerning the June 15, 2023 meeting, including but not limited to those responsive to WCAC's First Set of Requests for Production of Documents. The identification of specific documents will be provided at the time of production, to the extent possible.

12

**INTERROGATORY NO. 15.** Please identify each and every person who has communicated with you concerning the contents of the September 1, 6 and 7 Takedown Notices, the September 4 and October 23 Counter Notices, and the matters at issue in this action, identify all nonprivileged documents concerning such communications, and set forth the substance of each such communication.

**RESPONSE TO INTERROGATORY NO. 15.**

Channel 781 objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case. Channel 781 further objects to the term "concerning" as overbroad, vague and ambiguous.

Subject to and without waiving the foregoing objections, Channel 781 responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Channel 781 will produce communications concerning the September 1, 6 and 7 Takedown Notices and the September 4 and October 23 Counter Notices, including but not limited to those responsive to WCAC's First Set of Requests for Production of Documents. The identification of specific documents will be provided at the time of production, to the extent possible.

**INTERROGATORY NO. 16.** Please state the basis of your claim, if any, that the September 1, 6, and 7 Takedown Notices caused Channel 781 or any person affiliated with it to suffer damages or injury of any kind, specifying in your answer the precise nature of such injury and the damages you claim based on said injury.

**RESPONSE TO INTERROGATORY NO. 16.**

Channel 781 responds as follows:

The notices of claimed infringement that WCAC sent to YouTube on or around September 1, 6, and 7, 2023 contained representations made under penalty of perjury that WCAC had a good faith belief that the posting of video excerpts of government meetings by Channel 781 on YouTube was not authorized by the copyright owner, its agent, or the law. These were misrepresentations, because on information and belief, WCAC did not have such a good faith belief. Moreover, the posting of the video excerpts was authorized by the law. YouTube disabled access to the video excerpts and the entire Waltham DATA channel in reliance on WCAC's misrepresentations. The disabling of access to the videos and the Waltham DATA channel injured Channel 781 and its members, as described in Channel 781's response to Interrogatory No. 5.

**INTERROGATORY NO. 17.** Please state the precise amount of legal fees, costs, or other out-of-pocket expenses that Channel 781 or any of its participants has actually paid in connection with Channel 781's responses to the takedown notices and/or in response to YouTube's removal of Channel 781's videos as alleged in the Complaint.

**RESPONSE TO INTERROGATORY NO. 17.**

Channel 781 responds as follows:

The Electronic Frontier Foundation and Brown Rudnick LLP have incurred and are incurring legal fees and costs on behalf of Channel 781 in connection with Channel 781's responses to the takedown notices and in response to YouTube's removal of Channel 781's videos

14

as alleged in the Complaint, including the amounts described in Channel 781's response to Interrogatory No. 5. Otherwise, Channel 781 and its members have not paid any expenses in connection with Channel 781's responses to the takedown notices and in response to YouTube's removal of Channel 781's videos as alleged in the Complaint.

**INTERROGATORY NO. 18.** Please state the precise amount of legal fees, costs, or other expenses which Channel 781 or any of its participants is contractually obligated to pay in connection with Channel 781's responses to the takedown notices and/or in response to YouTube's removal of Channel 781's videos as alleged in the Complaint.

**RESPONSE TO INTERROGATORY NO. 18.**

Channel 781 responds as follows:

Channel 781 and its members are contractually obligated to pay legal fees, costs, or other expenses incurred in connection with Channel 781's responses to WCAC's takedown notices or in response to YouTube's removal of Channel 781's videos, to the extent such fees are recovered in this litigation.

**INTERROGATORY NO. 19.** Please identify the financial arrangement for the representation of Channel 781 by its counsel in connection with this matter (hourly, flat fee, pro bono, contingent, or other), including in your answer specification of whether Channel 781 is responsible for out-of-pocket expenses.

**RESPONSE TO INTERROGATORY NO. 19.**

Channel 781 responds as follows:

Channel 781's legal representation in connection with this matter is being provided on a pro bono basis. Channel 781 is not responsible for any out-of-pocket expenses related to this representation, as such expenses are being covered by its counsel. Channel 781 and its members have agreed that any recovery of costs and attorney fees shall be paid to its counsel.

**INTERROGATORY NO. 20.** Please identify the precise amount of legal fees, costs, or other expenses which Channel 781 has paid or is contractually obligated to pay to Electronic Frontier Foundation, Brown Rudnick LLP, or any other person or entity in connection with this litigation.

**RESPONSE TO INTERROGATORY NO. 20.**

Channel 781 responds as follows:

Channel 781 has not paid any legal fees, costs, or other expenses to any person or entity in connection with this litigation. Channel 781 is not responsible for any expenses related to this representation, as such expenses are being covered by its counsel. Channel 781 and its members have agreed that any recovery of costs and attorney fees shall be paid to its counsel.

**INTERROGATORY NO. 21.** Please identify the monetary value of the time "associated with responding to the claim of infringement," and the "time and expenses associated with setting up a new YouTube channel," as alleged in the Complaint at paragraph 57.

**RESPONSE TO INTERROGATORY NO. 21.**

Channel 781 responds as follows:

The monetary value of the time associated with responding to the claim of infringement, and the time and expenses associated with setting up a new YouTube channel, approximately 6 hours in total, will be determined after further discovery and/or expert testimony.

**INTERROGATORY NO. 22.** Please identify each person you expect to call as a witness in this action and the substance of such persons' expected testimony.

**RESPONSE TO INTERROGATORY NO. 22.**

Channel 781 objects to this Interrogatory as overly broad, unduly burdensome, and premature at this stage of the case. Channel 781 further objects to this Interrogatory to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine, or any other applicable law, privilege, immunity, protection or doctrine.

Subject to and without waiving the foregoing objections, Channel 781 responds as follows:

Channel 781 expects to call Joshua Kastorf, Jamie Krikeles, Tom Benavides, Maria Sheehan, M. Justin Barrett, Chris Wangler, and Bill Heatley. Channel 781 will supplement this response once discovery is further advanced and the identities of individuals to be called as witnesses, as well as the substance of their expected testimony, are determined.

Dated: February 27, 2025

17

  /s/  *Rebecca MacDowell Lecaroz*

Rebecca MacDowell Lecaroz
Marcus Strong (*admitted pro hac vice*)
Brown Rudnick LLP
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
rlecaroz@brownrudnick.com

Mitchell L. Stoltz (*admitted pro hac vice*)
Betelhem Gedlu (*admitted pro hac vice)*
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993


*Attorneys for Plaintiff Channel 781 News*

## VALIDATION

I, Tom Benavides, declare:

I am a principal member of Channel 781. I have read the foregoing Plaintiff Channel 781's Objections and Responses to Defendant Waltham Community Access Corporation's First Set of Interrogatories and know the contents thereof. The same are true of my own knowledge, or in the case of matters stated upon information and belief, I believe them to be true based on my own knowledge.

I declare under penalty of perjury under the laws of the Commonwealth of Massachusetts that the foregoing is true and correct.

Executed at Waltham, Massachusetts on this 27th day of February, 2025.

_____

Tom Benavides

19